27895. UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.* v. O'BYRNE.

DECIDED MARCH 1, 1940.

</div>

*Bussey & Fulcher,* for plaintiff in error.

*Curry & Curry, William Lester,* contra.

FELTON, J.  Alan O'Byrne received an accidental injury which arose out of and in the course of his employment.  Compensation was paid by the employer and its insurance carrier.  The injured employee was first treated by Dr. R. L. Rhodes on December 2, 1937, Dr. Rhodes being the medical representative of the insurance carrier.  On December 11, 1937, the employee engaged the services of Dr. W. J. Williams, who continued the treatment until February 9, 1938.  On June 20, 1938, after continuous treatment by Dr. Williams, it became necessary to amputate the foot of the employee.  The total medical and hospital bill for the entire period of treatment was in excess of $500.  The Industrial Board ordered the employer and the carrier to pay the full amount of $500, without respect to the time covered by the treatment.  The carrier appealed, and the judge affirmed the award of $500 medical expenses.  Exception is taken to this judgment.  The sole question before us is a construction of the Code, § 114-501, which reads in part: "Medical, surgical, hospital, and other treatment, in an amount not to exceed $500, including medical and surgical supplies as may reasonably be required for a period not exceeding ten weeks from date of injury to effect a cure or give relief, and for such additional time as in the judgment of the Industrial Board will tend to lessen the period of disability, and in addition thereto such original artificial members as may be reasonably necessary at the end of the healing period shall be provided by the employer. In case of a controversy arising between the employer and the employee relative to the continuance of medical, surgical, hospital or other treatment, the board may order such further treatments as may in the discretion of the board be necessary."

It is contended by the plaintiff in error that the quoted Code section does not give to the Industrial Board the power to order the payment of medical expenses, after they have been incurred, for a period exceeding ten weeks.  We are unable to agree with this contention.  The workmen's compensation act is to be construed so as to carry into effect its beneficent intentions.  It is not contended in the brief of counsel for the plaintiff in error that there was no evidence to authorize the board to order the payment of the expenses.  On the other hand, the employer knew that it was necessary to amputate the leg of the employee, and paid for an artificial member for him.

Further, the act specifically provides that in cases of dispute between the employer and employee with regard to the continuance of treatment, the board "may order such treatment as may in the discretion of the board be necessary." We do not think that it was the intention of the legislature to say that the board must first have a hearing, to say whether or not further treatment was necessary. There might be instances of conditions where it would endanger the life of the injured employee to wait for such a hearing. But even if we construe the section to mean that the board must first order the treatment, we do not think that the order previously to the treatment is the exclusive method by which the payment for such treatment may be ordered. The situation is analogous to that of a guardian or trustee spending the money of his ward or cestui que trust. In cases of that kind it has been held that where the trustee has acted fairly and properly and without the consent of the ordinary, upon a return being made the ordinary may *ratify the action.* *Sturgis* v. *Davis,* 157 *Ga.* 352 (121 S. E. 318) ; *Dowling* v. *Feeley,* 72 *Ga.* 557. So in the case at bar, the authority given by the legislature to the board to order the treatment in the first instance carried with it the power to ratify the procuring of the treatment after it had been rendered. The essence of the legislation is the requirement of the *exercise of a discretion* on the part of the board upon the subject, and not the *time* of its exercise. In the absence of an abuse of the discretion vested in the board, and the record supporting the award of the board that the further treatment was necessary, this court will not interfere with the award, especially in view of the fact that there was no effort on the part of the employer to show that such further treatment was not necessary.

*Judgment affirmed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*