37738. GENERAL MOTORS CORPORATION *v.* ALLEN.

DECIDED SEPTEMBER 9, 1959.

*Spalding, Sibley, Troutman, Meadow & Smith, Richard A. Denny, Jr.,* for plaintiff in error.

*Clarence J. Jackson,* contra.

GARDNER, Presiding Judge. 1. Counsel for the plaintiff in error in their brief confine themselves to two contentions, both relating to the reversal by the full board of the hearing director's disallowance of medical expenses. It is first contended, on the authority of *Ideal Mutual Ins. Co.* v. *Ray,* 92 *Ga. App.* 273 (88 S. E. 2d 428) that, while the full board decides the case de novo, and while on conflicting evidence it may arrive at a finding of fact contrary to that of the hearing director, both of which findings are supported by some evidence, and while it may also adopt the findings of fact of the hearing director, it can not reverse the hearing director for the stated reason that there is no evidence to support a given finding, when as a matter of fact under disputed evidence the fact might have been found in either way, even though the full board might have thus reversed the hearing director for the stated reason that the preponderance of evidence was contrary to that found by the hearing director. We do not find the award of the full board in this case subject to this objection. The board did not find that there was "no evidence" to support the disallowance of medical payments; its award contains only the statement that "there is ample evidence to support the findings of the single deputy director, with the exception of" the material which was deleted as above set out. The hearing director seems to have disallowed the medical payments to Dr. Dunlap, together with the hospital and drug bills incidental thereto, for two reasons; she felt the evidence preponderated to a conclusion that the

claimant had received adequate medical treatment provided by the employers, and she further stated: "I find further that although claimant contends he was treated and advised by family doctors and incurred medical bills for treatment and drugs, there is no evidence *from these doctors* as to what treatment was rendered, or that the services performed would constitute authorized medical as contemplated by the act. I find further that the claimant without consulting the employer, went to Dr. E. B. Dunlap for treatment . . . his testimony was not offered, and we do not have the benefit of his findings or opinion." (Emphasis added). This suggests that the hearing director was also of the opinion that, in the absence of direct testimony on the part of the physicians, there was no testimony which would connect these expenses with the claimant's original injury. It would be better practice to have the testimony of such physicians, but, from the testimony of the claimant himself, together with other testimony such as that of the company doctor concerning the claimant's physical condition shortly after his release from the hospital, where he was put in traction, there was some evidence to sustain the award of the full board, both on the issue that claimant was unable to obtain continued treatment from the company physicians, and on the issue that the treatment given by doctors of his own choice related to the original injury. It was accordingly proper for the full board to reverse on this issue. See *American Mut. Liability Ins. Co.* v. *Williams,* 75 *Ga. App.* 129 (42 S. E. 2d 578); *U. S. Fidelity &c. Co.* v. *O'Byrne,* 61 *Ga. App.* 806 (7 S. E. 2d 689).

2. The plaintiff in error contends further that the award as made by the full board is not supported by the findings of fact adopted by the full board but made in the first instance by the hearing director in support of her conclusion that certain medical payments should be disallowed. This award would undoubtedly be more coherent if the full board had deleted certain other conclusions of law in addition to the ultimate conclusion that the medical payments were unauthorized, but the board in adopting findings of fact does not necessarily adopt the conclusions of law therein contained even though they are not specifically deleted. See *American Mut. Liability Ins. Co.*

v. *Sisson*, 198 *Ga.* 623, 625 (32 S. E. 2d 295); *Peninsular Life Ins. Co.* v. *Brand*, 57 *Ga. App.* 526 (196 S. E. 264). The findings of fact here affirmatively show that both doctors supplied by the employer "couldn't find anything wrong" with the claimant after the initial treatment, that he was sent to a psychiatrist to see if the trouble was psychic, and that the reply was negative. It is further shown that the claimant at the time of hearing suffered muscle spasm in the low back with accompanying pain and diminished sensation along the outer side of the left thigh and leg; and that Dr. Dunlap after examination sent him to the hospital where he spent 19 days in traction. The award shows the claimant to be presently suffering from total disability. It would serve no good purpose to reverse this case and remand it to the full board for the mere purpose of "strengthening" the findings of fact (which might easily be done from the evidence in the case) when there is still therein a sufficient basis for the award as made.

Accordingly, the judge of the superior court did not err in affirming the award of the full board.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*