45772. JENKINS ENTERPRISES, INC. v. WILLIAMS.

ARGUED NOVEMBER 3, 1970—DECIDED NOVEMBER 17, 1970.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox, II,* for appellant.

*J. S. Hutto, G. Carroll Palmatary,* for appellee.

HALL, Presiding Judge. The appellant contends that the supplemental agreement is res judicata in the absence of a finding of fact by the board that there has been a change in the claimant's condition subsequent to this agreement and that the testimony is undisputed that any change in the claimant's physical condition has been for the better, not for the worse.

The statutory test for "change in condition" is "economic condition," not medical or physical condition. *Code Ann.* § 114-709. The board found that while the previous agreement stated that the claimant had returned to work at the same wages he earned previously, he had in fact been physically able to work for only three days per week when prior to the accident he had worked full time for his employer. He was suffering no economic loss because his employer (Jenkins Enterprises) was willing to pay him his full wages even though he was physically unable to perform full-time services. At the time of the accident and injury, the claimant was also engaged in another full-time job with the City of Brunswick as a meter reader. The claimant actually performed two full-time jobs in a period of twenty-four hours. His concurrent employment was not similar and therefore the wages of both jobs were not calculated into the agreement. When the employer (Jenkins Enterprises) later changed the operation of its business, it presented the claimant with new conditions of employment which the claimant could not perform because of his physical disability growing out of the accident. The board found, "while the claimant was able to work and willing to work his employer could no longer provide him with work which he was physically capable of doing." Subsequent to his release by the employer the claimant attempted to obtain other part-time jobs but these proved to be too strenuous for him. For these reasons the board was authorized to find that the claimant suffered an "economic change in condition" under

*Code Ann.* § 114-709 and was therefore entitled to benefits for partial disability under the provisions of *Code Ann.* § 114-405.

*Judgment affirmed. Deen and Evans, JJ., concur.*