### 49930. ROLAND v. COTTON STATES MUTUAL INSURANCE COMPANY.

DEEN, Presiding Judge.

By Ga. L. 1968, pp. 3, 7, Code § 114-709 was rewritten, and it was provided that, notwithstanding any prior court decisions, those sections fixing compensation for total and partial generalized physical disability "shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer."

In the present case the hearing director entered an award against the claimant, who appeals on the ground that the denial is based on an erroneous legal theory in that it placed an unreasonable burden on the employee to introduce evidence showing he had made an effort to secure employment suitable to his impaired condition. This statement was included in the findings of fact in connection with a finding that the employee was employable and, by his own testimony, not totally disabled.

We agree with appellee's counsel that under Code Ann. § 114-709 the plaintiff had the burden of showing: "(1) that his condition had changed for the worse; (2) that because of this change he was unable to continue to work for the appellee or any other employer; (3) that because of his inability to work he had either a total or partial loss of income; (4) that his inability to work was proximately caused by the accidental injury." We agree with the

superior court judge affirming the denial of compensation that there was evidence that the claimant did not counter this evidence so as to demand a finding of inability to work. He had, between the accident of April 13, 1972, and the date he was fired on November 7, 1973, worked in the same or similar capacities for this employer on three separate occasions, and in between had worked at equally arduous labor for Lockheed Aircraft and on independent contracts. There was evidence, accepted by the hearing director, that the cause of his ultimate discharge had nothing to do with his ability to labor or with his physical condition. His employment record indicates lack of physical disability. His economic disability stemmed from the discharge, which is supported by evidence unrelated to the accident, and would justify a finding that, approximately a month after the discharge when the application for a change of condition hearing was filed, he was in fact able to work, and there is no evidence that he could not have improved his *economic* condition thereafter had he desired. In this the evidence differs from *Jenkins Enterprises, Inc. v. Williams,* 122 Ga. App. 840 (178 SE2d 926) and more nearly resembles *Morris v. Liberty Mutual Ins. Co.,* 122 Ga. App. 436 (177 SE2d 174). The opinion evidence of the only medical witness is somewhat ambivalent and is not in any case conclusive.

There is evidence to support the denial of compensation on the ground that a connection between the economic and contended physical disabilities had not been shown.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED DECEMBER 2, 1974.

*Greene & Greene, James E. Greene,* for appellant.

*Savell, Williams, Cox & Angel, John M. Williams, William S. Goodman,* for appellees.