50581, 50582. ARMSTRONG v. ALLSTATE INSURANCE COMPANY et al.; and vice versa.

CLARK, Judge.

This workmen's compensation case comes to our court via appeal and cross appeal from the order of the superior court affirming in part and reversing in part the award of the full board. In the appeal, claimant assigns error upon that portion of the order which reads: "That part of the award which approved treatment by Dr. Warren H. Kimsey on and after August 24, 1973, is not supported by competent evidence and is therefore reversed. The full board found 'that the treatment by Dr. Warren H. Kimsey was of an emergency nature.' The record in this case shows that Dr. Kimsey testified that the procedure was elective surgery." In the cross appeal, employer and insurer enumerate error upon that portion of the order which states: "That part of the award which directs that the employer/insurer shall continue to pay compensation on the ground that the claimant has not undergone a change of condition as of the date of the hearing of January 8, 1974, and that he was at that time unable to return to full employment is supported by competent evidence and is hereby affirmed."

1. *The appeal.* Code Ann. § 114-501 provides in part: "If in an emergency on account of the employer's failure to provide the medical or other care as herein specified a physician other than provided by the employer is called to treat the injured employee, the reasonable cost of such service, within the limits of the amount set forth above, shall be paid by the employer if so ordered by the State Board of Workmen's Compensation." "Whether there is an emergency and whether the employer failed to provide

medical care for the claimant is a question of fact to be resolved by the State Board of Workmen's Compensation. *Owensby v. Riegel Textile Corp.,* 104 Ga. App. 800 (123 SE2d 147)." *Anderson v. General Motors Corp.,* 118 Ga. App. 4, 6 (162 SE2d 464). Thus, the question for decision in the main appeal is whether the evidence is sufficient to authorize the full board's conclusion that the treatment afforded claimant by Dr. Kimsey was "emergency" treatment. Of course, if there is any evidence to support the board's findings on this issue, the superior court was bound to affirm *(Hartford Acc. &c. Co. v. Sutton,* 75 Ga. App. 24 (41 SE2d 915)), and its partial reversal was error.

We think the superior court erred in reversing the award of the full board. "An emergency is 'an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency,'. . ." *Pollard v. Weeks,* 60 Ga. App. 664 (1d) (4 SE2d 722). See generally Ingalls Shipbuilding Corp. v. Holcomb, 217 S2d 18 (Miss. 1968). While, as the superior court observed, Dr. Kimsey referred to the treatment administered to claimant as "elective surgery," his entire deposition reflects the "exigency" of the situation confronting claimant. Indeed, the doctor testified that an immediate operation was advisable and imperative in order to avoid the possibility of partial paralysis. Under these circumstances we cannot say the evidence was insufficient to support the conclusion of the full board. "In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion. The superior and appellate courts alike are bound by a finding of fact made by the Department of Industrial Relations, where it is thus authorized under the proved facts or logical and proper inferences therefrom. . ." *Employers Liab. Assur. Corp. v. Woodward,* 53 Ga. App. 778, 779 (3) (187 SE 142).

2. *The cross appeal.* "By Ga. L. 1968, pp. 3, 7, Code §114-709 was rewritten, and it was provided that, notwithstanding any prior court decisions, those sections fixing compensation for total and partial generalized

physical disability 'shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer.' " *Roland v. Cotton States Mut. Ins. Co.*, 133 Ga. App. 442 (211 SE2d 395); *Jenkins Enterprises, Inc. v. Williams,* 122 Ga. App. 840 (178 SE2d 926).

Defendants assert that contrary to the finding of the full board claimant has undergone a change in condition within the meaning of Code Ann. § 114-709. On this issue, the evidence shows that following the onset of his disability claimant purchased a small convenience store which he dubbed "Ralph's Superette"; that while claimant spent much of his time at his market, he mostly reclined there on a cot (which was kept in the back of the store) throughout the day; that claimant was unable to participate actively and physically in the operation of the market (e.g., he was unable to punch the cash register); that the market was operated by other members of the family (e.g., claimant's wife, older son and daughter ordered the market's merchandise); and that claimant turned in withholding taxes for the members of his family with the assistance of an accountant.[1]

Based upon the foregoing evidence the board was authorized to conclude that any change in claimant's economic condition was occasioned by circumstances other than his ability to return to active employment. *Travelers Ins. Co. v. Hall,* 128 Ga. App. 71, 74 (3) (195 SE2d 679); *Fox v. Hartford Acc. &c. Co.,* 130 Ga. App. 104, 105 (1) (202 SE2d 568). To rule otherwise would be to legislate, in effect, that a claimant undergoes a change in condition when his economic condition is improved by mere investment.

The superior court did not err in affirming the award of the full board with respect to defendants' change of condition application.

---

[1]Although defendants argue that claimant played a role in his business by personally paying the market's bills, the record does not reflect that claimant took part in this aspect of the enterprise; as it only shows the bills were paid.

*Judgment reversed in main appeal; affirmed in cross appeal. Pannell, P. J., and Quillian, J., concur.*

ARGUED MAY 7, 1975 — DECIDED JULY 1, 1975.

*McDonald, McDonald & McDonald, Ernest McDonald, Ralph F. Martin, Jr.,* for appellant.
*Savell, Williams, Cox & Angel, John M. Williams, William S. Goodman,* for appellees.