### 51101. MILLER v. ARGONAUT INSURANCE COMPANY et al.

CLARK, Judge.

Three questions are presented in this workmen's compensation appeal: (1) Did the deputy director err in concluding as an ultimate finding of fact that the employee had not shown that she had undergone a change of condition? (2) Did the deputy director err in failing to

award mileage expenses for the employee's trips between her home and her doctor? (3) Was there an abuse of discretion by the deputy director in receiving into evidence and considering a medical deposition after expiration of the allotted time? On the basis of the instant record we answer all three questions in the negative.

1. Claimant was employed as a mender and inspector by Coronet Industries, Inc., a carpet mill. Following compensable chest, wrist, neck and back injuries, claimant entered an agreement with employer and carrier for the payment of compensation. Thereafter, on July 24, 1974, claimant returned to light work (inspecting only) at the mill inasmuch as she was unable to perform her previous two-phase duties which had included both mending and inspecting as one of a two-employee team. Thereupon the parties executed a supplemental agreement acknowledging claimant had returned to work at her former weekly wage and that liability for temporary total disability ceased at that time.

On September 13, 1974, claimant's employment was terminated due to depressed economic conditions in the carpet mill industry. Claimant unsuccessfully sought employment with other mills. Thereafter claimant was offered a job in a package store; however, she did not accept this opportunity because she claimed her work-connected injuries prevented her from lifting cases of beer. (R. 66, 68, 69.)

In 1968, Code § 114-709 was rewritten to provide that, prior court decisions notwithstanding, "change in condition" as used in relation to those sections fixing compensation for total and partial disability "shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer; or inability to work or continue to work for same or any other employer, which inability is proximately caused by the accidental injury." Ga. L. 1968, pp. 3, 7. Thus, even though a claimant's physical condition may have remained unchanged, a change in his earning capacity predicated upon the accidental injury is considered a change in condition. See generally, Larson, Workmen's Compensation Law, § 81.31, p. 336; *St. Paul Fire &c. Ins. Co. v. Harris,* 118 Ga. App. 352 (163 SE2d

833).

In four cases since the 1968 revision we have considered the impact of this changed statutory test. They are *Jenkins Enterprises, Inc. v. Williams,* 122 Ga. App. 840 (178 SE2d 926), *Morris v. Liberty Mut. Ins. Co.,* 122 Ga. App. 436 (177 SE2d 174), *Roland v. Cotton States Mut. Ins. Co.,* 133 Ga. App. 442 (211 SE2d 395) and *Armstrong v. Allstate Ins. Co.,* 135 Ga. App. 278, 279 (2) (217 SE2d 486). Those cases indicate that in moving for a change of condition a claimant must show (1) that the condition has changed for the worse, (2) that because of this change claimant is unable to work for any employer, (3) that because of inability to work the employee has either a total or partial loss of income, and (4) that the inability to work was proximately caused by the injury.

Although the claimant testified that her inability to lift beer cases prevented her employment at the package shop and that this was the result of her carpet mill injuries, there-was medical evidence to the contrary. The deputy director ruled adversely to the employee's contentions. Under the "any evidence" rule, which is binding upon both the superior and appellate courts, we cannot disturb the award. Code Ann. § 114-710; *Wilson v. Aragon Mills,* 110 Ga. App. 392, 394 (138 SE2d 596); *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657, 658 (212 SE2d 13).

2. Claimant complains that the deputy director considered Dr. W. Carl Dyer's deposition even though this documentary evidence was filed, without the approval of the full board, more than 30 days following the hearing. See Rule 20 of the Rules of Regulations of the Board; and see *Waters v. Travelers Ins. Co.,* 129 Ga. App. 761 (201 SE2d 176). We find no merit in this contention in view of the record indicating a waiver.

At the conclusion of the hearing on January 16, 1975, the record was held open for 30 days. Before expiration of that period of time, on February 4th, appellee's counsel addressed a communication to claimant's counsel. This letter stated the writer was confirming a telephone conversation of that date wherein opposing counsel had been advised that an appointment had been made for Dr. Dyer to re-examine claimant on February 13th and that

"We will take Dr. Dyer's deposition regarding Mrs. Miller on February 20, 1975, at 4:00 p.m. in his office. We appreciate your being kind enough to obtain a court reporter for us." (R. 187). Copy of this letter was enclosed in a letter of the same date (within the 30 days extension period) to the deputy director requesting "That the record be left open until such time as this deposition can be taken and transcribed." (R. 186). While the file also contains letters dated February 4 from claimant's counsel to employer's attorney and to the deputy director indicating disagreement to the time extension proposal, the deputy director extended the time "for completion of medical testimony in the referenced cause to March 13, 1975." (R. 183). Thereafter, without objection, claimant's counsel participated in the taking of the extensive deposition as scheduled including an agreement for express waiver of all formalities. See *Coleman v. Argonaut Ins. Co.*, 135 Ga. App. 182, 185 (217 SE2d 439). Furthermore, by letter dated February 24th to the deputy director the appellant's attorney eloquently expressed his views concerning the content of this medical testimony including claimant's rebuttal.

3. Assuming that claimant was entitled to mileage expenses which she incurred in order to undergo treatment, such expenses were not demonstrated by claimant with sufficient certainty. See *Employer's Commercial Union Ins. Co. v. Offutt*, 129 Ga. App. 270, 271 (2) (199 SE2d 406). Accordingly, the deputy director did not err in failing to provide for claimant's mileage expenses.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED OCTOBER 9, 1975.

Betty Sue Miller, *pro se, Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellant.

Savell, Williams, Cox & Angel, Lawson A. Cox, II, J. Caleb Clarke, III, for appellees.