## 53587. BROWN v. GULF INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

1. This is an appeal from an order of the superior court reversing an award of the State Board of Workmen's Compensation which held that the claimant was entitled to compensation benefits based on a change in condition. "In 1968, Code § 114-709 was rewritten to provide that, prior court decisions notwithstanding, 'change in condition' as used in relation to those sections fixing compensation for total and partial disability 'shall mean solely an economic change in condition occasioned by the employee's return *or ability to return to work* for *the same or any other employer;* or *inability to work* or continue *to work for same or any other employer,* which inability is proximately caused by the accidental injury.' " (Emphasis supplied.) *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101, 102 (220 SE2d 89). Therefore, to entitle the claimant to compensation for an economic change in condition the claimant must show that he has been unable to obtain employment from the same or any other employer which is suitable to his physical condition.

In the present case the claimant testified that he was able to do a job where he could sit or stand when he wanted to. When questioned in reference to whether he had looked for any other work after having been discharged from his employment the claimant testified: "Q. Have you worked anywhere since you left Catoosa County? A. No sir. Q. Have you tried to work anywhere? A. No sir. Q. Have you applied for any jobs? A. No sir."

In *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101, 103, supra, it is stated: "In four cases since the 1968 revision we have considered the impact of this changed statutory test. They are *Jenkins Enterprises, Inc. v. Williams,* 122 Ga.

App. 840 (178 SE2d 926), *Morris v. Liberty Mut. Ins. Co.,* 122 Ga. App. 436 (177 SE2d 174), *Roland v. Cotton States Mut. Ins. Co.,* 133 Ga. App. 442 (211 SE2d 395) and *Armstrong v. Allstate Ins. Co.,* 135 Ga. App. 278, 279 (2) (217 SE2d 486). Those cases indicate that in moving for a change of condition a claimant must show (1) that the condition has changed for the worse, (2) that because of this change claimant is unable to work for any employer, (3) that because of inability to work the employee has either a total or partial loss of income, and (4) that the inability to work was proximately caused by the injury."

Thus, it is clear that in a change in condition hearing the burden is on the claimant to show "that because of the change the claimant is unable to work for any employer." In the case sub judice the claimant testified that he was able to perform certain types of employment but had made no effort to obtain other work suitable to his impaired physical condition. Therefore, the claimant failed to carry his burden that he was "unable to work for any employer."

By not having made any effort to seek employment suitable to his physical condition, the claimant failed to prove one of the necessary elements of an economic change in condition under the provisions of Code Ann. § 114-709 (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244).

2. There was sufficient evidence to support the award as to medical expenses which were incurred.

Therefore, the judgment of the superior court is reversed as to that portion of the award which relates to medical expenses and is affirmed as to the finding that the claimant did not show a change in condition.

*Judgment reversed in part; affirmed in part. Smith and Shulman, JJ., concur.*

SUBMITTED MARCH 8, 1977 — DECIDED MARCH 31, 1977.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellant.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,*

*Andrew Robert Greene,* for appellees.