### 53679. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al. v. LEE.

McMURRAY, Judge.

This is a workmen's compensation case. The parties executed an agreement for the payment of compensation on October 3, 1974. A supplemental agreement was executed on February 3, 1975, stating the claimant returned to work on that date at the same weekly wage she earned prior to the accident and that liability for temporary total disability ceased on that date. Subsequently, on May 20, 1975, the claimant, a practical nurse, was requested to resign by a supervisor because she was found to be incapable of giving medication to the patients. On July 22, 1975, she filed a request for a hearing based upon a change in condition.

The administrative law judge, after a hearing, found that her termination was not related to her original injury and that she failed to show that she had undergone a change in condition after returning to work and denied additional compensation. On review by the full board the case was remanded for the purpose of hearing additional evidence regarding a change in condition. A majority of the board then rendered a decision that she had returned to work and performed work of a light nature without loss of earnings and that her physical condition was still not unrestricted; that she was requested to resign because she was not capable of giving medication to the patients in her capacity as a practical nurse; and that although the claimant's discharge was unrelated to the injury, the employer was no longer providing claimant with light work which she was physically capable of doing, and for this reason she experienced an economic change in condition from no incapacity to work to total incapacity to

work. The employer/insurer was directed to recommence compensation. On appeal to the lower court the judgment of the board was affirmed, and the employer/insurer appeals. *Held:*

In *Beachamp v. Aetna Cas. &c. Co.,* 112 Ga. App. 417, 418 (145 SE2d 605), in a somewhat similar case, this court held that where the claimant's discharge was for poor workmanship which was unrelated to his injury, discharge for such cause after an employee has become disabled and returned to work does not justify denial of compensation and that the issue in such cases is whether or not the employee's injury sustained during the course of the employment caused him to be disabled to any extent causing a loss of earning capacity. A number of cases are cited therein including *General Motors Corp. v. Harrison,* 107 Ga. App. 667, 670 (131 SE2d 234). See also *Jenkins Enterprises v. Williams,* 122 Ga. App. 840 (178 SE2d 926); *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101, 103 (220 SE2d 89). As stated in Code Ann. § 114-709, as amended, a change in condition means "solely an economic change in condition" by reason, as in this case, of an "inability to work or continue to work for the same or any other employer, which inability is proximately caused by the accidental injury." The evidence here supports the award of the board.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED MAY 6, 1977.

*Savell, Williams, Cox & Angel, Cullen Hammond,* for appellants.

*J. W. Claxton,* for appellee.