## 53731. ROPER CORPORATION v. REYNOLDS.

McMURRAY, Judge.

On October 8, 1975, claimant in this workmen's compensation case suffered a strained back while working on the assembly line in defendant's appliance factory. Claimant and defendant executed an agreement on November 11, 1975, as to compensation for claimant's resulting disability. Claimant returned to work on December 30, 1975, and the agreement for compensation was supplemented by a memorandum which provided for termination of disability benefits. Both of these agreements were approved by the State Board of Workmen's Compensation.

On February 6, 1976, claimant requested a hearing for the determination of a change in condition. After a hearing the administrative law judge entered an award for claimant after finding as a matter of fact that following her return to work on December 30, 1975, the claimant continued to experience pain which became worse as a result of her work and caused her to become totally incapacitated to work on February 10, 1976; that she

remained so incapacitated until March 8, 1976, at which time she returned to work but was unable to continue working due to the injury and again became incapacitated on March 9, 1976. The majority of the State Board of Workmen's Compensation adopted the award of the administrative law judge. The decision of the majority of the board was affirmed by the Superior Court of Walker County, and defendant appeals. *Held:*

1. Defendant contends that the claimant has not complied with the requirements set forth in *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101, 103 (1) (220 SE2d 89), that moving for a change in condition the claimant must show (1) that the condition has changed for the worse; (2) that because of this change claimant is unable to work for any employer; (3) because of inability to work the employee has either a total or partial loss of income; and (4) that the inability to work was proximately caused by the injury.

In the case sub judice there was evidence that for a brief time after claimant returned to work on December 30, 1975, she was given light work, but that soon thereafter she was returned to the job on the assembly line which had caused her strained back. This job involved lifting partially completed stoves weighing approximately 51 pounds. Claimant continued this work intermittently despite substantial discomfort until mid-February of 1976, when, upon advice of a physician, she was out of work for a period of time. Claimant again returned to work on March 8, 1976. On a form supplied by the defendant, claimant furnished defendant with a signed recommendation from a physician that her work be limited to lifting no more than 25 pounds and avoidance of prolonged standing. Claimant was given a job which complied with these recommendations but the following day, March 9, 1976, about noon, claimant was placed on an assembly line job which required prolonged standing, stretching and some bending. Early that afternoon claimant became faint due to the considerable pain and had to be carried to the office of the company nurse. Claimant testified that on advice of a physician she had not worked since March 9, 1976.

There was some evidence presented on claimant's

behalf on each of the four points enumerated in *Miller v. Argonaut,* supra. The "any evidence" rule requires that we do not disturb the findings of the board that those requirements have been satisfied. *West Point Pepperell, Inc. v. Baggett,* 139 Ga. App. 813 (1) (229 SE2d 666).

Defendant further contends that the supplemental memorandum of agreement terminating disability benefits is conclusive as to such a change in condition and in the absence of fraud, accident or mistake, an approved agreement is res judicata as to matters determined therein. But the board may review the award upon a hearing had pursuant to an application therefor filed under the provisions of Code § 114-709, as amended (see Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244), seeking a new award on account of further change in condition. *Fieldcrest Mills v. Richard,* 141 Ga. App. 702 (2) and cits.

2. Code § 114-710 provides that the finding of fact made by the members of the board within their power shall, in the absence of fraud, be conclusive, but that upon appeal to the superior court the court shall set aside the order or decree of the members of the board if any one or more of five listed conditions appears in the record of the case. Defendant's appeal raised each of these five listed grounds, and the court's affirmance of the board stated that, "no error of law appearing and there being evidence in the record to authorize the findings of fact made by the board . . . the award . . . is affirmed." The defendant contends that this order reflects that the court did not consider each of the five enumerated grounds of appeal. We do not believe this is correct. The language of the court's order affirming that appeal is broad enough in its scope to encompass the five grounds raised by defendant and the court below was not required to specifically respond to each individual ground when broader language would suffice. See *Mitchell v. Arnall,* 203 Ga. 384, 385 (5) (47 SE2d 258).

3. At the hearing defendant presented the testimony of a physician who testified that he could find no objective indication that the claimant has any permanent disability from her alleged injury. This physician was one

of five who had examined claimant in the course of treating her and for this litigation.

Defendant urges that we distinguish *Williamson v. Aetna Cas. &c. Co.*, 101 Ga. App. 220 (113 SE2d 208), *Murray v. Hartford Acc. &c. Co.*, 135 Ga. App. 870 (219 SE2d 472), and *Clark v. Liberty Mut. Ins. Co.*, 108 Ga. App. 806 (134 SE2d 534), on the basis that in all of these cases claimants had proven their injury by objective symptoms. Defendant contends that the board was operating under an erroneous legal theory in that the award must have been given for pain alone, there being no objective indication of any existing or pre-existing injury. This contention is not persuasive as the agreement for compensation for claimant's strained back which was signed by the parties and approved by the board is res judicata as to the issue of whether claimant has in fact suffered an injury. *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397, 399 (24 SE2d 309); *Hartford Acc. &c. Co. v. Carroll*, 75 Ga. App. 437, 445 (1) (43 SE2d 722).

4. Defendant contends that a comment made by the administrative law judge *during the hearing of a later case involving this defendant* revealed that the administrative law judge was biased and prejudiced against defendant. Under Canon 3 C (1)(a) of the Georgia Code of Judicial Conduct (see 231 Ga., page A-1), where bias or prejudice of a judge has been shown concerning a party, it is error for the judge to hear and decide the case. *Savage v. Savage*, 234 Ga. 853, 856 (218 SE2d 568).

The statement alleged to reveal bias and prejudice was, "You [Roper Corporation] have another problem down there and that is when people are hurt you don't give them light work. You put them back on jobs that they can't do. We've had three or four cases and the same thing happens every time." Defendant contends that this statement directed to defendant's safety director and made at a subsequent hearing (of a different claimant) refers to the case sub judice. It should be noted that the administrative law judge's comment reflects an inference that could be reasonably drawn from the evidence in the case sub judice. There is evidence that within a three month period the claimant twice returned to work under the advice of a physician selected by defendant to limit her

physical activity in terms of maximum weight to be lifted, or avoidance of prolonged standing. Each time, within a week claimant was reassigned to a task which required lifting heavy weights or prolonged standing. This expression of a reasonable inference from the evidence presented in a previous case does not, alone, raise any reasonable doubt as to the impartiality of the judicial officer in the consideration of that previous case.

5. Claimant's motion in this court for assessment of reasonable attorney fees against the defendant for the prosecution of a frivolous appeal without reasonable grounds brought under the authority of Code § 114-712 is denied inasmuch as this court has held that it has no authority to assess attorney fees under this statute. See *Baggett Transp. Co. v. Barnes,* 113 Ga. App. 58, 61 (2) (147 SE2d 372); *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90, 91 (3) (159 SE2d 423).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED MAY 6, 1977 — REHEARING DENIED MAY 26, 1977.

*Noone, Stringer & Powers, Fred T. Hanzelik, Jay B. Stringer,* for appellant.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellee.

