### 55559. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. BRISTOL.

BELL, Chief Judge.

This is an appeal in a workmen's compensation case. The evidence shows that the employee, Bristol, suffered a back injury in April, 1974, while performing his job of loosening lugs on a bus tire. After medical treatment, Bristol returned to work for the same employer. The evidence also shows that the claimant did not return to perform his previous strenuous duties because his back injury prevented him from doing so. Pursuant to doctors' instructions, the claimant performed lighter work duties of driving trucks. The claimant continued these lighter work duties until February, 1976 when his employer terminated his position. Since that time claimant's injury has continued to disable him and he has been unsuccessful in his attempts to obtain other employment. In accordance with these facts, the administrative law judge found that the claimant underwent an economic change in condition and awarded further compensation. The full board and the superior court affirmed. *Held:*

The evidence revealed that the claimant was discharged because his employer could no longer provide a truck for him to drive, as a result of a change in the operation of the business. Where a workmen's compensation claimant following injury returns to light work according to doctor's instructions and ultimately is discharged because the employer could no longer provide him with work which he was physically capable of doing, he is entitled to compensation because of an economic change of condition. *St. Paul Fire &c. Ins. Co. v. Lee,* 142 Ga. App. 233 (235 SE2d 659). The evidence here supports the award.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

Argued February 28, 1978 — Decided April 5, 1978 —
Rehearing denied April 28, 1978 — Cert. applied for.

Blackburn, Bright & Dodd, J. Converse Bright, for appellants.
Yancey, Perkins & Barnick, C. Dane Perkins, for appellee.