## 33822. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. BRISTOL.

PER CURIAM.

Certiorari was granted to resolve the conflict between *Brown v. Gulf Ins. Co.,* 141 Ga. App. 819 (234 SE2d 552) (1977), and *Hartford Acc. &c. Co. v. Bristol,* 145 Ga. App. 796 (245 SE2d 7) (1978).

Code Ann. § 114-709, as amended in 1968 and as applicable in the present case, provides in relevant part that "Nothwithstanding any court decisions previously rendered construing this section, 'change in condition,' as used herein insofar as it relates to section[s] 114-404 and 114-405 shall mean solely an economic change in condition occasioned by the employee's . . . inability to work or continue to work for [the] same or any other employer, which inability is proximately caused by the accidental injury." See Ga. L. 1978, pp. 2220, 2233, for the amendment to § 114-709 that was effective July 1, 1978.

The statutory test for "change in condition" under Code Ann. § 114-709, as amended in 1968, is "economic condition" proximately caused by previous accidental injury rather than medical or physical condition. *Jenkins Enterprises v. Williams,* 122 Ga. App. 840 (178 SE2d 926) (1970). "Thus, even though a claimant's physical

condition may have remained unchanged, a change in his earning capacity predicated upon the accidental injury is considered a change in condition." *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101 (220 SE2d 89) (1975). Therefore, the cases of *Roland v. Cotton States Mut. Ins. Co.,* 133 Ga. App. 442 (211 SE2d 395) (1974), *Miller v. Argonaut Ins. Co.,* supra, and *Brown v. Gulf Ins. Co.,* 141 Ga. App. 819 (234 SE2d 552) (1977), are specifically disapproved and will not be followed to the extent that they say or hold that a claimant must show during a proceeding brought under Code Ann. § 114-709, as amended in 1968, that his medical or physical condition has "changed for the worse."

In the present case the claimant sustained a compensated back injury. After medical treatment, he returned to work with the same employer, performing less strenuous duties. Thereafter, he was laid off after his employer no longer had any work for any of his employees, including the claimant. He was required by Code Ann. § 114-709, as amended in 1968, to show that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury. To the extent that the decisions of the Court of Appeals in *Hartford Acc. &c. Co. v. Bristol,* 145 Ga. App. 796 (245 SE2d 7) (1978), and in *St. Paul Fire &c. Ins. Co. v. Lee,* 142 Ga. App. 233 (235 SE2d 659) (1977), might be read as excusing the claimant from the foregoing burden of proof, they are specifically disapproved and will not be followed.

In the present case the record contains some probative evidence that the claimant made a sincere effort to secure suitable employment elsewhere. Accordingly, the judgment of the Court of Appeals is affirmed. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65) (1976).

*Judgment affirmed. All the Justices concur, except Bowles, J., who is disqualified.*

ARGUED SEPTEMBER 11, 1978 — DECIDED SEPTEMBER 28, 1978.

*Blackburn, Bright & Dodd, J. Converse Bright,* for appellants.

*Dane Perkins,* for appellee.