66889. CITY OF ATLANTA v. WALKER.

DEEN, Presiding Judge.

Mrs. Shirley C. Walker, employed by appellant City of Atlanta (City) as a school crossing guard, was struck by an automobile while engaged in her duties and sustained injury to her back. She received disability payments for a time, but finally resigned her position. She then underwent a series of examinations to determine her ability to resume work. Among these was a rehabilitation evaluation initiated by Mrs. Walker herself, without prior notice to the City, and subsequent to undergoing a similar evaluation which the City had arranged. Mrs. Walker contended that, under OCGA § 34-9-200 (Ga. Code Ann. § 114-501), the cost of the evaluation undertaken at her instigation should have been paid by appellant.[1] Two administrative law judges in separate hearings found in favor of the City, and this award was affirmed by the State Board of Workers' Compensation.

Upon Mrs. Walker's death from causes unrelated to the injury, her surviving spouse, pursuant to OCGA § 34-9-105 (b) (Code Ann. § 114-710), appealed to the Superior Court of Fulton County, which reversed the findings of the Board and ordered that appellant reimburse the claimant for the $625.50 expended for the rehabilitation examination. The City appeals this decision, contending that the Superior Court erred in reversing the Board's decision and granting appellee Walker's request for reimburse-

---

[1] Ga. Code Ann. § 114-501 and OCGA § 34-9-200 (Code Ann. § 114-501) are substantially identical. The only difference between them is minor editorial changes.

ment. *Held:*

OCGA § 34-9-200 (a) (Code Ann. § 114-501) requires that the employer furnish to eligible employees not only such benefits as medical, surgical, and hospital treatment, but also vocational rehabilitation where appropriate. Appellee does not contend that the City failed to provide proper medical attention with respect to the injuries immediately resulting from Mrs. Walker's being struck by the automobile. He contends, rather, that appellant was incorrect in not ordering a rehabilitation assessment and thereby compelling Mrs. Walker to arrange for such an evaluation on her own in order to prove her need for continued disability payments. Appellee argues that this alleged failure on appellant's part created an emergency, as contemplated in § 34-9-200 (f) (Code Ann. § 114-501), and authorized Mrs. Walker to charge the reasonable cost of the examination to appellant.

Rehabilitation expenses, unlike medical expenses, are not necessarily paid in connection with every claim, but only when appropriate for the particular individual. See Hiers and Potter, Georgia Workers' Compensation: Law and Practice (Harrison 1981), § 26-1, p. 265. In the instant case there was evidence that appellee was not a likely candidate for vocational rehabilitation. Not only were there medical and other indications of alcoholism and malnutrition (possibly alcoholism-related), but Mrs. Walker's own testimony indicated that, even with vocational training, there was little likelihood that she would be able to engage in gainful employment.

There was evidence that one month prior to Mrs. Walker's undergoing the evaluation undertaken at her own request, appellant City had notified her that she was scheduled to undergo an evaluation by a qualified physician regularly retained by the City for such purposes. The report on the City-authorized evaluation was completed and sent to the city attorney prior to the appellee-ordered evaluation and report.

Neither report indicates the existence of any emergency, as contemplated by the statute; indeed, the reports suggest that Mrs. Walker's continued illness was the result not of the accident but of chronic severe alcoholism and malnutrition. Moreover, whether an emergency exists because of some act or omission of the employer is a question of fact to be determined by the State Board of Workers' Compensation. *Armstrong v. Allstate Ins. Co.,* 135 Ga. App. 278 (217 SE2d 486) (1975); *Anderson v. General Motors Corp.,* 118 Ga. App. 4 (162 SE2d 464) (1968). The Board has broad discretion as to what medical treatment may be required by a particular claimant. *City of Atlanta v. Padgett,* 68 Ga. App. 96, 109 (22 SE2d 197) (1942).

When there is any evidence to support the Board of Workers'

Compensation's findings of fact, neither the Superior Court nor the Court of Appeals has authority to substitute itself for the Board as a fact-finding body, and to set aside an award based on the Board's findings. *Horton v. Ga. Power Co.,* 164 Ga. App. 252 (296 SE2d 798) (1982); *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65) (1976). Every presumption in favor of the validity of the Board's award should be indulged by the reviewing court. *Id.* at 410. In the case *sub judice* the medical examination by a qualified physician designated by appellant constituted an appropriate evaluation of Mrs. Walker's condition. Absent Board authorization for additional studies, and especially in the face of notification of a City-approved evaluation, it was inappropriate for Mrs. Walker to set up an additional evaluation. See OCGA § 34-9-200 (d) (Code Ann. § 114-501). Moreover, the two evaluation reports agreed in indicating that a possible cause of Mrs. Walker's continued disability was alcohol or malnutrition rather than the injury.

The Superior Court erred in reversing the award of the Board of Workers' Compensation and in ordering that appellant pay the cost of the additional evaluation.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 7, 1983 —
REHEARING DENIED NOVEMBER 28, 1983.

*Marva Jones Brooks, Jo A. Crowder,* for appellant.
*Phillip J. Walsh,* for appellee.