75781. WILDER v. MACON MANUFACTURING CORPORATION et al.
(366 SE2d 365)

DEEN, Presiding Judge.

Susan Wilder was injured at work on May 14, 1986, when she was

knocked into a table when a bolt of cloth fell on her. She gave notice to her supervisor and an immediate appointment was made for her to see a physician, Dr. Clay, from the posted panel of physicians. He treated her for pain in the lower posterior chest and right rib cage and instructed her to return in four days. She returned, however, in two days because she was experiencing severe back pain. The doctor prescribed medication, suggested that she take hot baths and return in five days. When she returned she reported that she was still experiencing pain. She was x-rayed and no fractures were revealed. The doctor prescribed different medication and told her to return in four days. The following day, Ms. Wilder went to her regular physician, Dr. Buafo, for an appointment for treatment for her diabetes which was scheduled prior to her injury. While in his office, she claims that she experienced an episode of back pain which rendered her unable to walk, bend or recline on the examining table. The doctor had her immediately hospitalized and called in another specialist. Ms. Wilder incurred a total hospital and x-ray bill of $2,860.15 in addition to her attending physician's bill. At no time did Ms. Wilder, her husband, or Dr. Buafo contact the physician who was treating her for her injury. In his admitting and discharge records, Dr. Buafo wrote that he thought it was "appropriate" to admit her to the hospital. The record shows that she did not undergo any radical medical or surgical treatment while she was in the hospital; she received only physiotherapy.

In her workers' compensation award, the administrative law judge denied her request for payment of medical expenses related to her hospitalization. This decision was adopted by the full board and affirmed on appeal to the superior court upon application of the any evidence rule. This court granted a discretionary appeal to determine if the board erred in finding that Ms. Wilder's treatment did not fall within the emergency treatment provisions of OCGA § 34-9-201 (c) which provides: "An employee may accept the services of a physician selected by the employer from the panel or may select another physician from the panel. If, due to an emergency or similarly justifiable reason, an inability to make a selection results, the selection requirements of this subsection shall not apply as long as such inability persists. . . . The employer shall not be responsible for the charges for medical services furnished or ordered by any physician or other person selected by the employee in disregard of this subsection." Appellant contends that the administrative law judge erred in failing to find that an emergency situation existed which brought the claimant within the scope of the above-quoted subsection.

" 'An emergency is "an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency," . . .' [Cit.]" *Armstrong v. Allstate Ins. Co.*, 135 Ga. App. 278, 279 (1) (217 SE2d 486) (1975). The evidence before the

ALJ and the Board did not demand a finding that an emergency situation of pressing necessity existed at the time Wilder visited Dr. Buafo's office. "When there is any evidence to support the Board of Workers' Compensation's findings of fact, neither the Superior Court nor the Court of Appeals has authority to substitute itself for the Board as a fact-finding body, and to set aside an award based on the Board's findings. [Cits.] Every presumption in favor of the validity of the Board's award should be indulged by the reviewing court. [Cit.]" *City of Atlanta v. Walker*, 169 Ga. App. 34, 35-36 (311 SE2d 479) (1983).

"On appeal, appellee [employee-claimant] maintains that use of an unauthorized physician was statutorily permissible under the 'emergency or other justifiable reason' exception contained in OCGA § 34-9-201 (c). However, the ALJ and the Board both found no emergency or other justifiable reason which would allow appellee to receive treatment from an unauthorized physician at appellant's expense. Inasmuch as there is evidence to support that finding, we shall not disturb it on appeal." *State of Ga. v. Tungler*, 181 Ga. App. 21, 24 (2) (351 SE2d 248) (1986).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 15, 1988 —
REHEARING DENIED FEBRUARY 24, 1988 —

*Steven E. Marcus*, for appellant.
*Robert A. B. Reichert, Susan S. Cole*, for appellees.