A96A2277. WILLIAMS v. WEST CENTRAL GEORGIA BANK et al.
(483 SE2d 607)

ANDREWS, Chief Judge.

We granted a discretionary appeal to the injured employee in this case to determine whether the administrative law judge (ALJ) and the appellate division of the board of workers' compensation had authority under OCGA § 34-9-200 (a) to order the employer and its insurer to pay for a prescribed surgical procedure for the employee which was under investigation by the Food & Drug Administration (FDA) on a trial basis but had not received FDA approval. The ALJ and the appellate division ordered the employer, West Central Georgia Bank (WCGB), and its insurer to pay for the surgical procedure to be performed on the injured employee, Mary Williams. On appeal, the superior court found that the ALJ and the appellate division had exceeded their authority under OCGA § 34-9-200 (a) in ordering that the procedure be furnished to Williams.

Williams suffered a compensable back injury while working for WCGB. Williams' licensed, authorized treating physician testified before the ALJ that Williams had undergone two unsuccessful back surgeries including one unsuccessful bone fusion attempting to correct her on-the-job injury. The physician testified that Williams needs additional bone fusion surgery to provide a cure for the injury and to provide relief from persistent pain. To accomplish this, the physician prescribed that Williams undergo a newly developed bone fusion surgery using a carbon fiber cage device to facilitate bone fusion, which he testified had a high success rate. The evidence showed that the prescribed procedure was classified as investigational, meaning that it was licensed to be performed under FDA guidelines by a limited number of physicians on a trial basis, but had not received FDA approval. Less than ten surgeons in the country were performing the surgery at the time, and Williams' physician had arranged for the procedure to be performed on Williams by the nearest located surgeon. Williams' physician testified that it was not a deviation from the standard of medical care to prescribe a procedure which had not been approved by the FDA. He testified that about 70 of his patients had undergone bone fusion procedures using the carbon fiber cage device with about a dozen of those having conditions very similar to Williams'. Although there was evidence that there were other more widely available surgical procedures which could be used to treat Williams' injury, the treating physician testi-

fied that the bone fusion procedure using the carbon fiber cage would be the most effective treatment for Williams.

The ALJ found the testimony of Williams' treating physician to be persuasive and ruled pursuant to OCGA § 34-9-200 (a) that the prescribed surgical procedure was reasonably required to effect a cure, give relief, or restore Williams to suitable employment. Accordingly, the ALJ ruled that WCGB and its insurer were required to pay for the procedure. The appellate division accepted the findings of fact of the ALJ as supported by the preponderance of the competent and credible evidence, adopted the ALJ's conclusions of law as applied to the facts, and adopted the ALJ's award. On appeal, the superior court reversed the appellate division on the basis that it had exceeded its authority under OCGA § 34-9-200 (a) by ordering WCGB and its insurer to furnish the procedure.

Under OCGA § 34-9-200 (a), "[t]he employer shall furnish the employee entitled to benefits under this chapter such medical, surgical, and hospital care and other treatment, items, and services which are prescribed by a licensed physician, including medical and surgical supplies . . . which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." The board has broad discretion under the standards set forth in OCGA § 34-9-200 (a) to determine what medical treatment the employer and insurer will be required to furnish to an injured employee. *Holcombe v. Brown Transport Corp.*, 253 Ga. 719, 721 (324 SE2d 446) (1985); *City of Atlanta v. Walker*, 169 Ga. App. 34, 35 (311 SE2d 479) (1983); see *City of Atlanta v. Padgett*, 68 Ga. App. 96, 109 (22 SE2d 197) (1942); *U. S. Fidelity &c. Co. v. O'Byrne*, 61 Ga. App. 806, 808 (7 SE2d 689) (1940). WCGB and its insurer contend that, because the surgical procedure at issue was at an investigational stage under FDA guidelines, had not been approved by the FDA, and was not widely employed in the medical profession, it cannot be considered "reasonably required" or "likely to effect a cure," and the board had no discretion under OCGA § 34-9-200 (a) to order them to furnish the procedure.

We disagree and conclude the superior court erred by ruling the appellate division had no authority under OCGA § 34-9-200 (a) to order WCGB and its insurer to furnish the procedure. There is nothing in OCGA § 34-9-200 (a) which limits the exercise of the board's discretion to FDA-approved medical treatment. There was evidence in the record before the ALJ showing that Williams' licensed, authorized treating physician had prescribed the surgical procedure at issue and referred Williams to a surgeon to perform the procedure. Under OCGA § 34-9-201 (b) (1) and (2), a licensed, authorized treating physician "may arrange for any consultation, referral, and

extraordinary or other specialized medical services as the nature of the injury shall require. . . ." There was also evidence supporting the ALJ's determination pursuant to the standards of OCGA § 34-9-200 (a) that the procedure was reasonably required and likely to effect a cure, give relief, or restore Williams to suitable employment. The appellate division found that the ALJ's findings of fact were supported by a preponderance of competent and credible evidence on the record. OCGA § 34-9-103 (a). Since there was evidence to support the appellate division's determination, neither the superior court nor this Court is authorized to reweigh the evidence. *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995).

*Judgment reversed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 19, 1997 —
RECONSIDERATION DENIED MARCH 6, 1997 — 

*Stephen A. Friedman*, for appellant.
*Berlon & Timmel, Peggy R. Goodnight*, for appellees.