### 48518. MORRISON ASSURANCE COMPANY et al. v. HODGES.

QUILLIAN, Judge. The claimant (appellee) received an injury to her left arm which arose out of and in the course of her employment. There was an agreement approved by the State Board of Workmen's Compensation granting the claimant compensation for 100% loss of use of the arm. Subsequent to approval of the agreement the appellant filed for a hearing to determine a change in condition. The deputy director entered an award finding that the claimant had a 15% loss of use of the left arm. This award was approved by the full board and then appealed to the superior court where the award was set aside. The appellant appealed and the case is here for review. *Held:*

There was medical testimony which supported the finding of fact that the claimant's loss of use of her left arm was 15% as compared with 100% loss of use stated in the approved agreement. Thus, there was clearly a finding that there had been a change in the claimant's condition.

The judgment of the superior court states in part: "Where an award of compensation is made under the workmen's compensation law, whether by agreement of the parties approved by the board, or by an award of the board, the sole provision of law for further consideration of the case is a review by the board based upon a change in condition under Code Section 114-709. *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746; *Carden v. Riegel Textile Corp.,* 219 Ga. 695, 697. The statutory test for 'change in condition' under Code Section 114-709 is 'economic condition,' proximately caused by the previous accidental injury, rather than medical or physical condition. *Jenkins Enterprises, Inc. v. Williams,* 122 Ga. App. 840."

It is true where the injury is one that comes within the provisions of Code Ann. § 114-404 (Ga. L. 1937, pp. 528, 531; 1949, pp. 1357, 1358; 1955, pp. 210, 211; 1963, pp. 141, 145; 1968, pp. 3, 4; 1973, pp. 232, 235) or Code Ann. § 114-405 (Ga. L. 1949, pp. 1357, 1358; 1955, pp. 210, 211; 1963, pp. 141, 146; 1968, pp. 3, 4; 1973, pp. 232, 236), change in condition means: "Solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer." Code Ann. § 114-709 (Ga. L. 1937, pp. 230, 233, 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244). However,

where the injury is confined to a specific member injury as in the case sub judice the right to compensation is not based on economic condition or ability to return to work but solely upon the loss of use of the specific member. *Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113, 117 (192 SE2d 533); Code Ann. § 114-406 (Ga. L. 1945, p. 406; 1955, pp. 210, 212; 1958, p. 360; 1963, pp. 141, 147; 1971, pp. 895, 896; 1973, pp. 232, 237).

There being sufficient evidence to support the award it should not have been disturbed. *Delta C. & S. Airlines v. Perry,* 94 Ga. App. 107, 109 (93 SE2d 771); *Maryland Cas. Co. v. England,* 160 Ga. 810 (129 SE 75).

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED NOVEMBER 28, 1973 — REHEARING DENIED DECEMBER 17, 1973.

*Savell, Williams, Cox & Angel, John M. Williams, J. Caleb Clarke, III,* for appellants.

*J. S. Hutto,* for appellee.