## 57083. EMPLOYERS INSURANCE OF WAUSAU et al. v. CARNES.

BELL, Chief Judge.

This is a workers' compensation case. Claimant suffered a back injury at work in July, 1976, and was compensated from August until her return to work in October, 1976. Claimant continued to work until December 30, 1976, when she suffered a kidney infection totally unrelated to her employment. She was subsequently terminated due to absenteeism and received unemployment benefits for twenty-seven weeks based on her representation that she was able, available and actively seeking to work. On October 4, 1977, claimant returned home from job hunting, attempted to pick up a broom and felt pain. Claimant alleged a resultant incapacity to work and sought to establish a change in condition. The administrative law judge found that the inability to work was not proximately caused by

the original injury and that claimant failed to show an economic change in condition as contemplated by Code Ann. § 114-709. However, on review the full board found that claimant's original injury had worsened on October 4, 1977, and her resulting incapacity stemmed from the original accident; that a change in condition from no incapacity to total incapacity had occurred and awarded compensation. On appeal, the superior court affirmed. The employer and insurer appeal. *Held:*

The statutory test for "change in condition" under Code Ann. § 114-709, as amended in 1968, is "economic condition" proximately caused by previous accidental injury. A change in a claimant's earning capacity predicated upon the accidental injury is considered a change in condition. *Hartford Acc. &c. Co. v. Bristol,* 242 Ga. 287 (248 SE2d 661). Claimant is required by Code Ann. § 114-709 to show that her inability to secure suitable employment is proximately caused by her previous accidental injury. Claimant submitted a letter dated March 1, 1978 where a doctor stated, "I definitely feel that Mrs. Carnes' inability to work is caused by her original injury to her back on July 20, 1976. She is not able to work at the present time because of a herniated disc . . . I feel that her back condition worsened from the time I saw her in 1976 until I saw her in 1977." This constitutes some evidence in support of the award. We are bound to affirm.

*Judgment affirmed. Webb and Banke, JJ., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 9, 1979 — REHEARING DENIED JANUARY 25, 1979.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Robert R. Potter,* for appellants.

*Smith & Shiver, Truett Smith, Thomas L. Hodges, III,* for appellee.