60209. FINCH v. CALDWELL et al.

BIRDSONG, Judge.
Denial of unemployment compensation. The claimant, Grady Finch, was employed by MARTA. Three of his supervisors detected what they considered a state of intoxication, either from alcohol or

drugs, while Finch was on the job. Such misconduct warranted immediate discharge, which occurred. Following his discharge, Finch sought unemployment compensation. The initial administrative determination was that Finch was entitled to such compensation. MARTA appealed that determination to an Appeals Tribunal. The Appeals Tribunal reversed the initial determination of entitlement to compensation and made a finding of lack of entitlement to unemployment compensation. The notification to Finch of the date of the hearing before the hearing officer and the procedures to be followed contains the following significant instructions: *"HEARING:* The hearing will be conducted by an Appeals Referee. You will be given an opportunity to present testimony and evidence in support of your side of the case. *WITNESSES:* You may have witnesses who have actual knowledge of the facts or who participated in the events to testify at the hearing. If an indispensable witness refuses to appear, contact the Office of the Appeals Tribunal immediately for issuance of subpoena. You have the right to cross-examine any witnesses against you." The instructions were followed at the foot thereof with the final statement: "THE DECISION WILL BE BASED ON THE SWORN TESTIMONY AT THE HEARING."

At the hearing conducted before the Administrative Hearing Officer, Finch appeared pro se and MARTA was represented by a legal officer. MARTA's counsel introduced three disciplinary reports prepared by three of Finch's supervisors. Though these reports apparently were prepared by the supervisors as a report of discipline, there was no foundation laid that they were required to be prepared in the regular course of MARTA's business or that they were prepared or filed as business records. None of the documents were under oath. Though there was supportive evidence, these three documents were the only real basis of MARTA's case to show the cause for the discharge. Finch was sworn and testified that he was not intoxicated and had not consumed any intoxicants on the job. As indicated, the Administrative Hearing Officer was sustained by the Board of Review, denying Finch unemployment compensation. Finch appealed the adverse decision by the Board of Review to the superior court which also sustained the denial of compensation. In its order, the superior court held that the discipline reports were a part of Finch's work record and thus admissible and supportive of the Administrative Hearing Officer's conclusions. Finch bases his appeal on a contention that the three documents are nothing more than hearsay. *Held:*

As we view the instructions contained in the notification of the hearing sent to Finch, it is absolutely clear that the hearing before the

Administrative Hearing Officer at the Appeals Tribunal was designed to be an adversarial proceeding. The claimant was offered the right to subpoena adverse as well as supportive witnesses. He was given the right to examine and cross examine witnesses and apparently the costs of representative counsel was a negotiable matter (see Code Ann. § 3A-116). It follows that the use of unsworn affidavits to establish essential evidence is violative of the promised right of confrontation and cross examination. While ordinarily we would be inclined to impose waiver by the appellant's failure to object to the use of business records introduced without any showing or foundation that they were in fact business records, in the circumstances of this case we will not do so. Business records are admissible if the evidence shows the ordinary course of business required the entries to be made (a matter that can be waived) and the records are reflective of an act, occurrence or event, *and not an opinion,* and were properly identified by the person who made them or is conversant with the necessity for their preparation and custody. *Bramblett v. State,* 139 Ga. App. 745, 749 (229 SE2d 484). The evidence (as opposed to an act, occurrence or event), offered in statement form to reflect the narrative observations of the three supervisors of Finch, all suffer from the vice that in their *opinion* Finch was drunk or under the influence of some form of intoxicant. Other than garrulous speech and red eyes, there is no factual basis for their opinion so that the fact finder could arrive at an independent conclusion that Finch was intoxicated. We cannot conclude that the documents can qualify as business records even in the absence of an objection by Finch.

When one removes the evidentiary basis of admissibility of business records, we are left with hearsay statements. In this state even in the absence of objection, hearsay is without probative value to establish any fact. *Longstreet v. Longstreet,* 205 Ga. 255 (4) (53 SE2d 480); *Collins v. State,* 146 Ga. App. 857, 860 (247 SE2d 602). It follows that the Appeals Tribunal, the Board of Review and the superior court all erred in concluding that there was a sufficient factual basis supported by credible and admissible evidence that Finch was intoxicated on the job and to deny compensation on that basis.

Appellees argue that Code Ann. § 3A-116 (a) authorizes the use of hearsay if it is of a type commonly relied upon by men in the conduct of their affairs. We reject this argument. The proviso for the use of such evidence is that it is necessary to establish facts not reasonably susceptible of proof under the usual rules of evidence in civil non-jury cases. We will not conclude, as appellees contend, that what clearly is hearsay is commonly relied upon by men in the conduct of their affairs or that the mere failure to call witnesses

apparently readily available renders their witness' testimony not reasonably susceptible of proof under the usual rules of evidence.

Under such circumstances, even in the case of an administrative hearing, the use of affidavits without any basis for admissibility in the hearing denied Finch of his right to examine and cross examine witnesses against him, a right expressly promised by the Appeals Tribunal itself and generally a right afforded by the Administrative Procedure Act. In the absence of a stipulation as to the testimony of the supervisors, the error can be cured only by affording Finch the adversarial hearing, including confrontation, originally promised.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 23, 1980.

*Thomas S. Jefferson,* for appellant.
*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General, Melinda K. Wells,* for appellees.