## A93A0796. WILLIAMS v. PIGGLY WIGGLY SOUTHERN, INC.

### (433 SE2d 676)

McMurray, Presiding Judge.

Plaintiff brought this slip and fall case against defendant. He alleged that he slipped and fell in the meat department of defendant's grocery store. Defendant denied liability and the case proceeded to trial. The jury rendered its verdict in favor of defendant and judgment was entered accordingly. Thereafter, plaintiff moved for a new trial. The motion was denied and plaintiff appealed.

During the course of the trial, plaintiff called Ralph Nail, the manager of defendant's store, as his first witness for purposes of cross-examination. During his cross-examination of Mr. Nail, plaintiff asked him if he knew "whether the meat area was inspected for at least an hour before [plaintiff] fell?" Mr. Nail responded: "Yes, Bryan Brezell had already told me that he had dust mopped the store before he was leaving. He was supposed to leave at eleven o'clock." Plaintiff made no objection to Mr. Nail's response.

Thereafter, during closing argument, defense counsel stated: "[Plaintiff] walked in the store . . . a little bit before eleven o'clock . . . He fell on four little drops of chicken blood . . . that nobody saw . . . The testimony from Mr. Nail was undoubtedly that Bryan Brezell had said that he mopped that floor just a few minutes before he . . ." At that point, plaintiff objected, positing that in his closing argument defense counsel was improperly relying on hearsay evidence, i.e., evidence without any probative value, and seeking an instruction to the jury to disregard the argument. The trial court overruled plaintiff's objection.

In his sole enumeration of error, plaintiff asserts the trial court erred in overruling his objection to defense counsel's closing argument. In this regard, plaintiff relies on OCGA § 9-10-185 which provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds. In its discretion, the court may order a mistrial if the plaintiff's attorney is the offender." *Held*:

"In this state even in the absence of objection, hearsay is without probative value to establish any fact. *Longstreet v. Longstreet*, 205 Ga. 255 (4) (53 SE2d 480); *Collins v. State*, 146 Ga. App. 857, 860 (247 SE2d 602)." *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216). See also Green, Ga. Law of Evidence (3d ed.), § 222, wherein the author notes that "the Georgia rule on this subject is stricter than most states." Although plaintiff did not interpose an objection to Mr. Nail's hearsay testimony, that testimony was insufficient to establish

whether and/or when Bryan Brezell dust mopped the floor. *Finch v. Caldwell*, supra.

"[I]n *Taylor v. State*, 121 Ga. 348, 354 (49 S.E. 303), it is pointed out that 'What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the [other party].' " *Miller v. Coleman*, 213 Ga. 125, 130 (97 SE2d 313). Inasmuch as defense counsel's argument introduced facts which were not in the record, *Finch v. Caldwell*, supra, and which were clearly prejudicial, the trial court had a duty to instruct the jury that it was to disregard defense counsel's argument, as soon as plaintiff interposed his objection, if not before. OCGA § 9-10-185; *Ga. & Ala. R. v. Pound*, 111 Ga. 6, 9 (4), 10 (36 SE 312). The trial court's breach of that duty requires us to reverse this case.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JUNE 28, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — ▮▮▮▮▮▮▮

*Gilbert & Montlick, Fred A. Gilbert, Lissner, Killian, Cunningham & Zacker, Robert P. Killian*, for appellant.
*Beckmann & Pinson, William H. Pinson*, for appellee.