A93A1699. DURHAM v. TWIGGS COUNTY BOARD OF COMMISSIONERS et al.
(435 SE2d 688)

BLACKBURN, Judge.

This is an appeal from the Twiggs County Superior Court's affirmance of the denial of a claim for workers' compensation. We also affirm.

The appellant, Bobby Durham, was employed as an equipment operator with the Twiggs County Board of Commissioners. On June 1, 1988, while Durham was operating a tractor with a bush hog, his right foot was struck by a rock thrown by the mower blade. He wrapped a handkerchief around the injured area of his foot and continued to work.

Durham did not seek medical care until July 11, 1988, when he went to his personal physician, Dr. Frank Pechel, complaining of a cut on the back of his right foot with an ulceration around the heel area. He saw Dr. Pechel again on August 29, 1988, for complaints of aching in his legs and feet, and on December 28, 1988 for a blood pressure check, but did not thereafter return to Dr. Pechel's office until September 12, 1989. When Dr. Pechel examined Durham in September 1989, he recorded complaints of swelling, aching, and ulceration on Durham's *left* foot. He eventually referred Durham to Dr. Bruce Innes, a vascular surgeon who had previously treated Durham in 1987 for peripheral vascular disease in both legs.

When Dr. Innes examined Durham on October 2, 1989, he observed two ischemic ulcers on the top part of Durham's right foot. An aortogram revealed occlusive vascular disease, and on October 4, 1989, Durham underwent a popliteal bypass graft to improve the circulation to his right lower extremity. Unfortunately, the bypass graft was unsuccessful, and ultimately it became necessary to amputate Durham's right leg below the knee.

In a deposition taken on January 24, 1992, Dr. Innes recalled Durham giving a medical history of having sustained an injury at work, and that the ulcer on his right foot was part of that injury. He responded affirmatively when asked whether the June 1, 1988, incident of a rock striking Durham's right ankle could have played some part in the ultimate amputation. However, Dr. Innes also testified that he did not think that the June 1988 cut, for which Durham was treated once, was related to the two ischemic ulcers he observed over a year later on the dorsum of Durham's right foot.

Durham actually continued to work until October 27, 1989. He did not file his workers' compensation claim until April 2, 1990. At the hearing before the Administrative Law Judge (ALJ), Durham testified that the rock struck his foot just below his ankle, on the outer side of his right foot. On cross-examination, however, he acknowledged having previously testified in a deposition that the rock struck his Achilles tendon. He also admitted that prior to seeing Dr. Pechel in September 1989, his original injury had healed for about five months.

Considering the medical evidence adduced and Durham's inconsistent testimony regarding the location of the injury, the ALJ concluded that although Durham had established the occurrence of a work-related injury on June 1, 1988, that injury was unrelated to the health condition that disabled him in late October 1989 and led to the partial amputation of his right leg. Rather, the ischemic ulcers on the top of Durham's right foot were attributable to his chronic peripheral vascular disease. For that reason, the ALJ denied Durham's claim on the grounds that it was not timely filed within one year of the date of the actual work injury on June 1, 1988, as required under OCGA § 34-9-82 (a), and the Appellate Division of the State Board of Workers' Compensation adopted that decision.

It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board. *Gasses v. Professional Plumbing Co.*, 204 Ga. App. 69 (418 SE2d 424) (1992); *Jarallah v. Pickett Suite Hotel*, 204 Ga. App. 684 (420 SE2d 366) (1992). In the instant case, the deposition testimony of Dr. Innes regarding the lack of relationship between Durham's June 1988 foot injury and the ischemic ulcers on the top of his right foot that eventually necessitated the amputation, and Durham's own inconsistent testimony regarding the site of the injury, constitute the "any evidence" needed to support the Board's findings.

Durham misplaces his reliance upon the line of cases holding that where an employee continues to work after a work-related injury, until he is forced to cease work because of the aggravation of the origi-

nal injury, the statute of limitation runs from the date the employee was forced to cease work. See *Jarrell v. American Home Assur.*, 149 Ga. App. 761 (256 SE2d 123) (1979). Such a fictional new accident date may not be assigned in this case, because the Board found that Durham's cessation of work was due to a health condition unrelated to his original work injury, and there was evidence supporting that finding.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 24, 1993 —
RECONSIDERATION DENIED SEPTEMBER 9, 1993 

*Waymon S. Harrell, Carl A. Veline, Jr.*, for appellant.
*Murphy & Sibley, R. Napier Murphy*, for appellees.