A94A0855. FREEMAN v. CONTINENTAL BAKING
COMPANY et al.
(443 SE2d 520)

BLACKBURN, Judge.

This is an appeal from an order of the Superior Court of Floyd County reversing an award of workers' compensation indemnity benefits in favor of the appellant, Kenneth Scott Freeman.

Freeman had been employed with Continental as a maintenance engineer for six years prior to sustaining a disabling injury to his knee on March 23, 1990, during a fall on Continental's premises. His claim for benefits was accepted as compensable by Continental and Freeman was provided medical benefits, including rehabilitation services, and weekly indemnity benefits. In May 1990, surgery was performed on the knee, and four months later, Freeman was informed by his authorized treating physician that he should change vocations and seek a position that did not involve heavy labor. Freeman was assigned a 15 percent impairment rating to his left lower extremity as a result of the knee injury, and was given restrictions against squatting, climbing, and heavy lifting.

Based upon his physician's recommendation, on April 16, 1992, Freeman made a bid on a position in the shipping department pursuant to the labor agreement with the company. The position would have been awarded based upon seniority, and it is undisputed that

Freeman had the most seniority and would have been awarded the position if he passed the company's pre-employment physical examination which included a routine drug test. Freeman had performed the job before and knew that the position was within his physical limitations and that he was capable of performing the job. Freeman admittedly passed the physical examination but he failed the company's drug test, and was subsequently terminated. Four months later, Continental unilaterally suspended his weekly indemnity benefits.

Following a hearing on Freeman's request for the recommencement of income benefits, the ALJ found that Freeman was never offered the position prior to his termination, and therefore Continental had not met its burden of showing that Freeman had undergone a change in condition for the better. The Board, with one member dissenting, affirmed the award of the ALJ based upon Continental's failure to offer Freeman the position.

1. Initially, Freeman maintains that the trial court erred as a matter of law in reversing the award of the Board because the Board's factual findings on the unavailability of suitable employment was supported by the evidence. We disagree.

" '(T)he term "change in condition" means a change in the wage-earning capacity, physical condition, or status of an employee, which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise.' OCGA § 34-9-104 (a) (1)." *Atlanta Hilton & Towers v. Gaither*, 210 Ga. App. 343, 345 (1) (436 SE2d 71) (1993). The statutory test for "change in condition" under this section is " '[s]olely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer.' [Cit.]" *Morrison Assurance Co. v. Hodges*, 130 Ga. App. 436 (203 SE2d 629) (1973). See *Employers Ins. of Wausau v. Carnes*, 148 Ga. App. 767 (252 SE2d 654) (1979).

In order for an employer to justify a unilateral suspension of an injured employee's workers' compensation income benefits based upon a change in condition for the better, the employer must show that the employee is able to return to work and that suitable work is available. *Peterson/Puritan v. Day*, 157 Ga. App. 827 (278 SE2d 674) (1981); *Hercules, Inc. v. Adams*, 143 Ga. App. 91 (237 SE2d 631) (1977). In *Peterson/Puritan, supra*, this court recognized that the employer, in satisfying its burden of proof in such an instance, is not required to show that a specific job offer has been made to the injured employee.

In the present case, the evidence shows that suitable employment was made available to Freeman by Continental, and the fact that the job was not officially offered to him after he failed the company's drug test is not dispositive of the issue. Id. Continental has shown by a

preponderance of the evidence that Freeman's economic condition is not causally related to his work-related injury, but is proximately caused by his impermissible drug use, and accordingly, the suspension of benefits was warranted. Since the ALJ's factual finding that suitable employment was not made available to Freeman was unsupported by the evidence, the trial court did not err in reversing the award of the ALJ as affirmed by the majority of the Board. As Freeman correctly argues, findings of fact of the Board, when supported by any evidence, are conclusive and binding upon reviewing courts. *Durham v. Twiggs County Bd. of Commrs.*, 210 Ga. App. 203, 204 (435 SE2d 688) (1993). However, "where there is plain error of fact . . . an appellate court [is] authorized to reverse the Board's award. [Cits.]" *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (1) (313 SE2d 741) (1984).

2. Next, Freeman asserts that the facts of the case at bar are not controlled by our decision in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991). We agree. In *Landon*, the claimant sustained a compensable injury, and after a period of disability and after she had actually returned to work with another employer, Landon was terminated for misconduct. This court found that under the facts therein, the burden was on the claimant to show that her inability to find suitable full-time employment was proximately caused by her work-related injuries. In the present case, Freeman had not returned to work following his disabling injury when he was terminated for cause, and contrary to the superior court's conclusion, "[u]nder these circumstances, the burden was placed properly upon the employer to justify the suspension of benefits. [Cit.]" *State of Ga. v. Graul*, 181 Ga. App. 573, 575 (1) (353 SE2d 70) (1987). Consequently, the superior court erred in concluding that Freeman had the initial burden of proof to establish a change in condition following his termination for misconduct. However, in light of our decision in Division 1 of this opinion, we affirm the trial court's decision.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1994.

*Mundy & Gammage, E. Lamar Gammage, Jr.*, for appellant.
*Savell & Williams, Mark S. Gannon, Carrie L. Christie*, for appellees.