A94A1184. McGAHEE v. YAMAHA MOTOR MANUFACTURING
CORPORATION OF AMERICA.
(448 SE2d 249)

JOHNSON, Judge.

Keith McGahee was terminated from his employment with Yamaha Motor Manufacturing Corporation of America for alleged sexual harassment and failure to report incidents of sexual harassment allegedly committed by others. He applied for and was awarded unemployment compensation benefits. Yamaha appealed, but at the administrative hearing failed to call as witnesses the employees who claimed to have been sexually harassed. McGahee denied the charges. The administrative hearing officer found Yamaha failed to meet its burden of proving McGahee harassed or witnessed the harassment of employees and affirmed the award. The board of review adopted the hearing officer's findings and affirmed the decision. Yamaha sought judicial review of the decision, claiming it was against the weight of the evidence and the hearing officer should have considered the hearsay statements of Yamaha's witnesses. The superior court reversed the board's decision, though it gave no reasons for doing so. We granted McGahee's application for discretionary review.

In his sole enumeration of error, McGahee contends the superior court erred in reversing the board's decision because there was evidence to support the board's findings of fact and the hearing officer properly gave more weight to the sworn testimony than to the hearsay statements. We agree and reverse. Although it is impossible to determine from the court's order the basis for the reversal, it is clear the issues raised by Yamaha in its petition for judicial review did not constitute grounds for reversal by the superior court in this case.

"In any judicial proceeding under this Code section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." OCGA § 34-8-223 (b). The superior court is not authorized to weigh the evidence and substitute its factfindings for those of the administrative trier of fact. *Green v. Tanner*, 186 Ga. App. 715, 716 (1) (368 SE2d 162) (1988). The administrative determination that there was insufficient probative evidence to support Yamaha's allegation that McGahee was at fault in his termination was supported by McGahee's testimony he did not sexually harass or witness others engaged in what he perceived as sexually harassing conduct. Thus, the superior court erred if its reversal was based on findings of fact made by the administrative agency.

Similarly, Yamaha's argument that the statements of McGahee's accusers who failed to appear at the hearing should have been considered, lacks merit. "In this state even in the absence of objection, hearsay is without probative value to establish any fact." (Citations and punctuation omitted.) *Williams v. Piggly Wiggly Southern*, 209 Ga. App. 490 (433 SE2d 676) (1993). We have held this to be the rule even in administrative hearings. *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216) (1980). Despite the absence of an objection by McGahee, the hearsay testimony offered by Yamaha was insufficient to establish whether McGahee witnessed or engaged in prohibited conduct. *Williams*, supra at 490-491. We do not agree with Yamaha's argument that the testimony should be allowed because it is "necessary to ascertain facts not reasonably susceptible of proof under [the rules of evidence]." OCGA § 50-13-15 (1). Yamaha's failure to call apparently readily available witnesses does not render the absent witnesses' testimony "not reasonably susceptible of proof." *Finch*, supra at 815-816.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED AUGUST 19, 1994.

*Gerald Cunningham*, for appellant.
*King & Spalding, Michael E. Ross, Suzanne C. Auclair*, for appellee.