A94A2499. GEORGIA POWER COMPANY v. LEONARD.
(451 SE2d 74)

BIRDSONG, Presiding Judge.

This is a discretionary appeal of the order of the superior court reversing the award of the State Board of Workers' Compensation.

Appellee James E. Leonard suffered an on-the-job injury on August 17, 1992, when workers dropped their end of a steel rebar leaving appellee supporting the entire weight of the bar. Appellee began receiving compensation on August 19, 1992; however, benefits were suspended on November 4, 1992 on the grounds that on October 21, 1992, appellee was released to return to work, without restriction, by an authorized treating physician. Appellee sought a hearing to determine whether he had undergone a change of condition and to obtain

resumption of total disability benefits from that date forward. The ALJ issued an award in favor of appellee and ordered resumption of benefits. Appellant Georgia Power Company appealed the award to the full board which in a 2-to-1 decision reversed the award of the ALJ and determined benefit resumption was not appropriate. Appellee Leonard appealed to the superior court which set aside the decision of the board and remanded the case to the full board for further consideration of medical testimony. *Held*:

1. "In order for an employer to justify a unilateral suspension of an injured employee's workers' compensation income benefits based upon a change in condition for the better, the employer must show that the employee is able to return to work and that suitable work is available." *Freeman v. Continental Baking Co.*, 212 Ga. App. 855, 856 (1) (443 SE2d 520). However, in satisfying its burden of proof in such an instance, the employer "is not required to show that a specific job offer has been made to the injured employee." Id. *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) and related cases where a claimant returned to work following a period of disability are distinguishable and not controlling in this case.

Weight and credibility to be given testimony of witnesses and conflicts in evidence are for determination of the Workers' Compensation Board and not the courts. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410 (4, 5) (224 SE2d 65).

2. Appellee argues that in arriving at its decision, the full board relied, at least in part, upon the medical records of Doctors Bholé and Cooper. With this assertion we agree. Appellee contends that these medical records, being hearsay, were erroneously admitted in evidence and that the records failed to comply with OCGA § 34-9-102. OCGA § 34-9-102 (e) (2) pertinently provides that "[a]ny medical report on a form prescribed by the board or in narrative form signed and dated by an examining or treating physician or other duly qualified medical practitioner shall be admissible in evidence insofar as it purports to represent the history, examination, diagnosis, treatment, and prognosis by the person signing the report, as if that person were present at the hearing and testifying as a witness, subject to the right of any party to object to the admissibility of any portion of the report and subject to the right of an adverse party to cross-examine the person signing the report and provide rebuttal testimony within the time allowed by the administrative law judge." Those medical records which were offered in evidence over objection at trial and which do not bear the signature of the examining or treating physician (such as the letter of Dr. Cooper of October 13, 1992) would not comply with the provisions of OCGA § 34-9-102 (e) (2). The letter from Dr. Bholé of October 26, 1992 is not a medical report within the meaning of OCGA § 34-9-102 (e) (2), rather that letter merely notifies appellant/

employer of the doctor's "recommendation" that appellee/claimant "is advised" to return to his regular working duties without restriction. The letter at issue in *Foster v. Continental Cas. Co.*, 141 Ga. App. 415 (233 SE2d 492) is factually distinguishable from the letter of Dr. Bholé and, therefore, *Foster* is not controlling. The letter of Dr. Bholé and the unsigned medical reports being hearsay were subject to objection and "should have been excluded." *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801, 803 (2) (198 SE2d 412). Moreover, hearsay evidence is without probative value and will not establish a fact in issue even in the absence of timely objection. *Williams v. Piggly Wiggly Southern*, 209 Ga. App. 490 (433 SE2d 676); *Feagin v. State*, 198 Ga. App. 460, 461 (1) (402 SE2d 80). Without the benefit of this medical information, there does not exist in the record sufficient legal evidence to support the findings and award made by the full board; appellant/employer would be unable to carry his burden under *Freeman*, supra. To the extent that the full board relied upon inadmissible medical information, this would constitute in effect a misstatement of significant admissible evidence of record; a misstatement of significant evidence by the full board would be grounds for referral back to the board of an award even if otherwise supported by evidence where, as here, it is possible that a proper understanding of the evidence *might* have caused the finder of fact to reach a different conclusion. *Fidelity &c. Ins. Co. v. Cigna/Pacific Employers Ins. Co.*, 180 Ga. App. 159, 162 (2) (348 SE2d 702). "Based upon the foregoing, we do not reach the question of whether . . . the award may have been supported by 'any' evidence and whether the superior court may have erred in reversing it for insufficient evidence." Id. Accordingly, the trial court did not err in setting aside the award by the full board denying appellee a resumption of benefits based on change of condition and remanding the case for further consideration of medical evidence. On remand, however, the board will continue to exercise exclusive authority to weigh the evidence and judge witness credibility.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 9, 1994 —
RECONSIDERATION DENIED NOVEMBER 30, 1994 — ▮

*Hugh B. McNatt, Troy L. Green,* for appellant.
*Wesley Williams,* for appellee.
*Swift, Currie, McGhee & Hiers, Robert R. Potter, Murphy, Murphy & Garner, Stephen E. Garner, Savell & Williams, Michael Ryder, Byars & Slappey, E. Scott Slappey,* amici curiae.