A98A0652. SMITH v. BROWN STEEL, GEORGIA ASSOCIATED GENERAL CONTRACTORS SELF-INSURERS TRUST FUND.
(503 SE2d 592)

McMURRAY, Presiding Judge.

We granted the discretionary appeal in this workers' compensation case to determine if the superior court exceeded the lawful scope of its review in reversing the State Board's award for the employee.

On April 27, 1994, Ronny Smith sustained a compensable back injury in the course of his employment as a welder for Brown Steel. Subsequently, Smith underwent a lumbar laminectomy and diskectomy in August 1994 and an anterior cervical diskectomy and fusion in January 1996. After the surgery, Smith's condition improved to the point that his treating physician released him for light work. The employer Brown Steel suspended benefits unilaterally on August 20, 1996, based upon Smith's alleged return to work.

At the hearing before the administrative law judge ("ALJ"), Brown Steel also attempted to establish that Smith had experienced a change in condition for the better. Viewed in the light most favorable to the party prevailing before the administrative factfinder, the evidence adduced showed that Smith had visited construction sites of two contractors he knew and during those visits he had occasionally helped workers lift objects. Smith denied working and explained that he visited those project sites for the purpose of learn-

ing building codes so that some day he could be a contractor. He further explained that construction work was the only type of work he had ever done, and that no light duty construction work existed. There was also some evidence regarding Smith's leisure activities that indicated some physical capacity, including regular golfing with his children and deer hunting with a bow and arrow, and occasional activities such as winning a dance contest and riding a jet ski.

The ALJ concluded that, although the evidence established that Smith was capable of doing some type of work, Smith had not in fact returned to work as alleged. Further, as Smith had not been released to return to regular duty work and Brown Steel had failed to show the availability of other suitable work for Smith, the ALJ found that Brown Steel had not proven a change in condition for the better and had improperly suspended benefits. The appellate division adopted the ALJ's award, but the superior court reversed. *Held*:

1. With regard to the issue of whether Smith had actually returned to work, the ALJ's finding as affirmed by the appellate division *must be upheld on appeal to the superior court if it is supported by any evidence. Bankhead Enterprises v. Beavers*, 267 Ga. 506, 508 (480 SE2d 840); *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137, 138 (1), 139 (473 SE2d 166). Here, this inquiry involved both Smith's subjective intent as well as his outward conduct. Smith's testimony and the testimony of the contractors involved, indicating that Smith frequented the project sites for the purpose of learning the construction trade, supported the administrative factual finding that Smith had not returned to work. Accordingly, OCGA § 34-9-105 (c) (4) provides no authority to set aside this finding. *Logan v. St. Joseph Hosp.*, 227 Ga. App. 853, 859 (3) (490 SE2d 483).

2. In order to show a change in Smith's condition for the better that authorized the employer's suspension of benefits, Brown Steel had to establish "(1) a physical change in the claimant for the better, (2) an ability to return to work because of the change, and (3) the availability of work to decrease or terminate loss of income." (Punctuation omitted.) *Hercules, Inc. v. Adams*, 143 Ga. App. 91, 92 (237 SE2d 631). Accord *Freeman v. Continental Baking Co.*, 212 Ga. App. 855, 856 (1) (443 SE2d 520). The basis for the award reinstating Smith's benefits was that Brown Steel had not satisfied the third prong of that burden of proof. Review of the record reveals that Smith was only released for light duty work, and Brown Steel made no evidentiary showing as to the availability of light work suitable for Smith. Consequently, the ALJ's conclusion was authorized.

In reversing the administrative determination, the superior court found "as a matter of law that the employer/self-insurer has established that the claimant is able to work and has undergone a change in condition for the better," but did not address the third

prong of Brown Steel's burden of proof. The ALJ's award, in addition to being supported by evidence, also was based on the proper burden of proof applicable to an employer in a change in condition case. In our view, the superior court erred in failing to affirm the award for the employee in the case sub judice.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED MAY 28, 1998.

*Bennie H. Black*, for appellant.

*Goodman, McGuffey, Aust & Lindsey, Kathryn A. Cater*, for appellee.