### A98A2260. COX v. PIC-N-SAVE B.F.L. CORPORATION.
#### (507 SE2d 849)

Judge Harold R. Banke.

We granted the discretionary appeal in this workers' compensation case to determine whether the superior court exceeded the scope of its review by substituting its own factual findings for those made by the State Board.

Emory Cox was a long-term employee of Pic-N-Save who was awarded temporary total disability benefits in 1992 based on a 1989 bilateral carpal tunnel injury. After Pic-N-Save went into bankruptcy, the Georgia Self-Insurers' Guaranty Trust Fund administered the claim, but it eventually suspended benefits on October 2, 1996, based on Cox having returned to work.

Sometime in about 1985, while he was still working full-time for Pic-N-Save, Cox and his wife set up a take-out barbeque stand as a passive investment. Initially, other family members primarily ran the business. In 1995, Cox opened a second barbeque stand, this time also providing a small dining area for patrons. Business increased, and Cox began spending more time with day-to-day operations of the two stands. A private investigator hired by the Trust Fund saw Cox at the two locations on eight out of twelve surveillances and videotaped him performing various work activities such as cooking meat, putting wood on the fire, making sandwiches, taking orders, doing paperwork, and stocking supplies.

At the hearing, Cox initially denied performing any work activities other than supervising. The ALJ found that Cox's testimony was contradicted by the private investigator's findings, but nevertheless concluded that Cox had not worked to any significant degree. The ALJ also found that Cox's testimony was partially corroborated by his tax records showing a work force other than himself and even by some of the investigator's observations. Finding that no change in condition for the better had been demonstrated, the ALJ reinstated Cox's benefits, and the appellate division affirmed that decision. *Held*:

1. The superior court, however, applied the rule of evidence that a claimant's impeached testimony must be disregarded entirely unless corroborated by other, unimpeached evidence. OCGA § 24-9-85 (b) generally; *Roach v. Carroll*, 110 Ga. App. 636, 637 (139 SE2d 523) (1964). Disregarding Cox's own testimony, the superior court found the evidence developed by the private investigator demanded a

conclusion that Cox had returned to full-time work at his own barbeque stands and had experienced a change in condition for the better that authorized suspension of benefits.

"In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board." (Citations and punctuation omitted.) *Southwire Co. v. Molden*, 223 Ga. App. 389, 390 (477 SE2d 646) (1996).

The evidence in this case could support a finding that Cox had returned to work, but the superior court's reversal of the opposite finding made by the appellate division and the ALJ on that issue can be upheld only if the superior court was correct in disregarding Cox's testimony in its entirety. However, as noted above, the ALJ found that Cox's tax records served to corroborate his testimony concerning who actually worked at the barbeque stands and further found that even some of the investigator's observations were consistent with Cox's claim of limited activity with the business. Under these circumstances, the superior court improperly disregarded Cox's testimony and erred in disturbing the State Board's determination.

2. In light of this holding, we need not reach Cox's remaining enumeration of error.

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 13, 1998 —
RECONSIDERATION DENIED OCTOBER 28, 1998.

*John M. Hatfield*, for appellant.
*Drew, Eckl & Farnham, John P. Reale, Robert L. Welch*, for appellee.