A01A2083. ABB RISK MANAGEMENT SERVICE/GEORGIA KAOLIN v. LORD.
(561 SE2d 225)

RUFFIN, Judge.

In 1984, Fred Lord sustained a work-related injury while working for Georgia Kaolin International ("Georgia Kaolin") and received total disability benefits. In 1999, Georgia Kaolin sought to suspend Lord's benefits based on a change of condition. According to the employer, Lord was working for Lord & Lord, a partnership he

---

formed with his daughter. Following a hearing, the administrative law judge found a change of condition and granted Georgia Kaolin's request. The appellate division affirmed that decision, but on appeal, the superior court reversed. We granted Georgia Kaolin's application for discretionary appeal, and for reasons that follow, we reverse.

The undisputed evidence, as found by the ALJ, shows that in 1997, while Lord was still receiving disability benefits, he formed Lord & Lord with his daughter. Lord owned fifty-one percent of the partnership, which purchased seven convenience stores. Over the next two years, Lord assisted his daughter, who is legally blind, in operating the business. Although Lord was not paid a salary by Lord & Lord, he daily drove his daughter to work, the bank, and the post office to conduct partnership business. In addition, Lord himself conducted business with suppliers by telephone and applied for a liquor license for one of the stores. Lord signed various tax returns for the partnership, in some instances identifying himself as "manager" of the stores. Likewise, in 1997, Lord filed a lawsuit concerning one of the stores in which he alleged that he "operated" two businesses.

By 1999, Lord & Lord owned only two convenience stores: a Handi Corner in Sandersville and a second store in Thomson. Lord drove his daughter to work at the Handi Corner each day and stayed at the store from two to eight hours. While there, Lord talked on the telephone, walked around the store, talked with customers and employees, carried boxes and trash to the dumpster, brought boxes of merchandise into the store from a storeroom, and occasionally filled the juice machine and helped customers operate the gas pumps. In addition, Lord prepared a bid for a café that was part of the store to provide prisoners' meals at the local jail. The bid was accepted, and Lord delivered the meals from the café to the jail. On top of these tasks, Lord drove approximately 40 miles from his home to the Thomson store once or twice each week. He also attended meetings for both stores and sat in on interviews, but did not do the actual hiring.

To show a change in Lord's condition that would authorize a suspension of benefits, Georgia Kaolin was required to establish (1) that Lord had a physical change for the better, (2) that the change enabled him to return to work, and (3) that work was available to decrease or terminate his loss of income.[1] The issue in this appeal concerns the third factor. The appellate division, which adopted the ruling of the ALJ, found that although medical evidence concerning Lord's condition conflicted with video surveillance tapes showing

---

[1] See *Smith v. Brown Steel &c. Trust Fund*, 232 Ga. App. 698, 699 (2) (503 SE2d 592) (1998).

Lord performing certain tasks, the evidence established that "suitable work is available as [Lord] is working for the business of Lord & Lord."[2]

Although this finding "must be upheld on appeal to the superior court if it is supported by any evidence,"[3] the superior court applied the common law test for establishing the existence of an employer-employee relationship[4] and concluded that Lord was not an employee of Lord & Lord. The court reasoned that there was no evidence showing that Lord received income from the partnership, that he was subject to the control of the partnership, that the partnership had the right to terminate him, or that his services were of significant value to the partnership. The court concluded that, "[a]t most, the evidence showed that, on a voluntary basis, [Lord] 'helped out' at the store."

We agree with Georgia Kaolin that this ruling was erroneous. The issue in this case is whether there was any evidence supporting the conclusion that Lord had undergone a change in condition because work was available to him as revealed by the tasks he performed for the partnership.[5] In resolving this issue, it is irrelevant whether Lord was subject to the control of, or could have been terminated by, the partnership. Rather, it is more a question of the amount of work he performed and the nature of the tasks.[6] Certainly, the facts found by the appellate division do not show that Lord was a mere passive investor in the convenience stores who frequently visited the stores, but performed virtually no work.[7] Instead, the facts show that he performed daily jobs for the partnership businesses. Because somebody was required to conduct business with suppliers, check on the stores, empty the trash, bring in merchandise, fill the juice machine, and handle the other tasks Lord completed, work must have been available. Certainly, if Lord did not perform these tasks, then the partnership would have been required to pay someone else to do them.

Although the evidence presented could have supported a differ-

---

[2] Although the ALJ and appellate division concluded that there was a change of condition, they also found that Lord still had some physical problems associated with his injury. Accordingly, they awarded Lord continuing medical treatment, but denied him temporary partial disability benefits because it had been more than 350 weeks since the date of the injury. Neither party appealed these rulings.

[3] (Emphasis omitted.) Id. at 699 (1).

[4] See *Housing Auth., City of Cartersville v. Jackson*, 226 Ga. App. 182, 183-184 (2) (486 SE2d 54) (1997).

[5] See *Smith*, supra at 699 (2).

[6] See *Cox v. Pic-N-Save B.F.L. Corp.*, 235 Ga. App. 12-13 (1) (507 SE2d 849) (1998); *Smith*, supra at 699 (1).

[7] Cf. *Armstrong v. Allstate Ins. Co.*, 135 Ga. App. 278, 279-280 (2) (217 SE2d 486) (1975) (claimant, who was a mere passive investor in a convenience store, did not undergo a change in condition due to the investment).

ent finding by the ALJ and the appellate division, on appeal, " 'both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division.' "[8] Viewed in this light, there was some evidence to support the finding that Lord was working for Lord & Lord, and the superior court, therefore, erred in disturbing that decision.[9]

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 1, 2002 — 

*Wall & Elliott, James M. Elliott, Jr., Christina J. Bevill*, for appellant.

*Jones, Boykin & Associates, Charles W. Snyder*, for appellee.

---

[8] *Cox*, supra at 13 (1).

[9] See id.; *Smith*, supra.